Matter of Part 60 RMBS Put-Back Litig. (2018 NY Slip Op 03221)





Matter of Part 60 RMBS Put-Back Litig.


2018 NY Slip Op 03221


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6469N 777000/15 153945/13 595610/15

[*1] In re Part 60 RMBS Put-Back Litigation
Natixis Real Estate Capital Trust 2007-HE2, etc., Plaintiff/Counterclaim Defendant-Respondent,
v
Natixis Real Estate Capital, Inc., Defendant/Counterclaim Plaintiff-Appellant.
Natixis Real Estate Holdings LLC, etc., Third-Party Plaintiff-Appellant,
v
Wells Fargo Bank, N.A., Third-Party Defendant-Respondent.


Davis & Gilbert LLP, New York (James R. Serritella of counsel), for appellant.
Selendy & Gay, New York (Andrew Dunlap of counsel), for Natixis Real Estate Capital Trust 2007-HE2, respondent.
Jones Day, New York (Michael O. Thayer of counsel), for Wells Fargo Bank, N.A., respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on September 28, 2017, which denied defendant/counterclaim plaintiff/third-party plaintiff Natixis Real Estate Capital, Inc.'s challenge to a special master's order holding that the subject documents are protected by the common interest privilege, unanimously affirmed, with costs.
In this residential mortgage-backed securities put-back action, the securities administrator, Wells Fargo Bank, N.A., separate securities administrator, Computershare Trust Company, National Association, and the nonparty certificateholders, shared the common legal interest of pursuing the mortgage put-back claims. Due to the "no-action" clause in the applicable pooling and servicing agreement, the allegedly injured certificateholders may not directly pursue their claims, and must rely on the securities administrator and separate securities administrator to litigate on behalf of the trust. Within this limited context, we find that the standard articulated in Ambac Assur. Corp. v Countrywide Home Loans, Inc. (27 NY3d 616, 628 [2016]) concerning the application of the common interest privilege, is met (see ACE Sec. Corp. v DB Structured Prods., Inc., 55 Misc 3d 544, 561-563 [Sup Ct, NY County 2016]).
Moreover, the documents were exchanged at a time when the parties shared their common interest of pursuing the put-back claims, and were made in furtherance of that common interest.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK